Compiler of Law
Law Library

# IN THE SUPERIOR COURT
# OF GUAM

PEOPLE OF GUAM,                    )        Criminal Case no. CF0631-11
                                   )
                                   )
          v.                       )
                                   )        **DECISION AND ORDER**
                                   )        re: Motion for Diversion
JASON M. CASTRO,                   )
                                   )
                                   )
                    Defendant.     )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on February 23, 2012. The People were represented by Assistant Attorney General Elizabeth S. Vasiliades. The Defendant was represented by Assistant Public Defender Stephen P. Hattori. After considering the matter presented, the Court now issues the following decision and order denying the Defendant's motion for diversion.

## BACKGROUND

On November 23, 2011, Defendant was indicted for Aggravated Assault (as a 3rd degree felony), Family Violence (as a 3rd degree felony), Assault (as a misdemeanor) and Child Abuse (as a misdemeanor). The indictment alleges that on or about November 8, 2011, the Defendant recklessly caused bodily injury to another family member or household member. The People's declaration indicates that on November 8, 2011, the Defendant and his ex-girlfriend, the alleged victim, were engaged in a verbal altercation when the Defendant struck her with a wooden broom handle, cut the victim's hair with a knife, and cut the victim's hand. The alleged victim also claims that the Defendant previously assaulted her on numerous occasions.

ORIGINAL

## DISCUSSION

The Court has jurisdiction of this matter under 9 GCA § 30.80. The Defendant moves for diversion under 9 GCA § 30.80(e), which states that "any defendant who is not specifically ineligible for the diversion process pursuant to subsection (a) of this § 30.80 may apply to the court, by noticed motion for an order granting diversion."

Defendant argues that under 9 GCA § 30.80 (e) he is not statutorily ineligible for diversion. Defendant argues that diversion may be granted herein because he is accused of having committed a criminal act against a family or household member. Defendant argues that because the alleged victim is his ex-girlfriend, she falls within the definition of a family or household member as provided in 9 GCA § 30.10. Further, Defendant asserts that in applying the statutory factors for the Court's consideration, the Court will find that Defendant is a proper candidate for diversion. Defendant argues that there was no serious bodily injury, there was no prior history of family violence, and there are no factors which would adversely influence the likelihood of successful completion of diversion. The People however oppose the Defendant's motion for diversion.

In the present case, the alleged victim is his ex-girlfriend which allows her to fall within the definition of a family or household member as provided in 9 GCA § 30.10. Further, the Court finds that the Defendant is not ineligible for diversion. The Court however notes that the nature of the Defendant's conduct weighs heavily against granting diversion. The Defendant is alleged to have struck the victim with a wooden broom handle, cut the victim's hair with a knife, and cut the victim's hand with the same knife. The alleged victim also claims that the Defendant previously assaulted her on numerous occasions. The Court holds that diversion will

ORIGINAL

not be granted herein because the level of violence alleged and the prior history of violence alleged do not warrant entry into the program.

## CONCLUSION

Based on the foregoing, Defendant's motion for diversion is DENIED. Further Proceedings shall be held on _____*July 3, 8*_____, 2012 at ___*9 Am*___.

SO ORDERED, this __*7*__ day of ___*June*___ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

ORIGINAL